UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **REDA AMIR**<br>C/O 1825 K Street, NW, Suite 750<br>Washington, DC 20006<br><br>    Plaintiff,<br><br>        v.<br><br>**PNC BANK, NATIONAL ASSOCIATION,**<br>7235 Arlington Blvd. C1<br>Falls Church, VA 22042<br><br>    SERVE:<br><br>**CSC-LAWYERS INCORPORATING**<br>**SERVICE COMPANY**<br>**7 ST. PAUL STREET, SUITE 820**<br>**BALTIMORE MD 21202**<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

COMES NOW Plaintiff Reda Amir, by undersigned counsel, and complains of Defendant PNC Bank, NA as follows:

PRELIMINARY STATEMENT

1. PNC Bank, NA ("PNC") terminated Ms. Amir because she was pregnant and because she complained that she was being subjected to pregnancy discrimination.

2. Additionally, PNC failed to provide Ms. Amir a reasonable accommodation of leave to attend medical appointments for her pregnancy and thus subjected her to disparate treatment by failing to accommodate her pregnancy.

3. Ms. Amir brings this action to recover the damages she suffered as a result of PNC's violations of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

5. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because PNC committed the unlawful employment practice in Virginia in this judicial district.

## PARTIES

6. Ms. Amir is a former employee of PNC.

7. PNC is an employer within the meaning of the Title VII, employing Ms. Amir at a Falls Church, Virginia branch.

8. Upon information and belief, PNC employed more than 500 employees in 2016.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted her administrative remedies by timely filing a charge of discrimination with the EEOC on October 19, 2016.

10. This lawsuit has been timely filed within 90-days of Plaintiff's receipt of the EEOC's notice of right to sue, which is dated August 14, 2020.

## FACTS

*Background*

11. PNC hired Ms. Amir as a Financial Consultant in March 2016.

12. Ms. Amir interviewed for the position with several PNC managers in Sterling, Virginia.

13. Several days later, she was called in for a second interview with manager Antonio Moya in Falls Church, Virginia.

14. At the time of her interviews, Ms. Amir did not know, and it was not visibly apparent, that she was pregnant.

15. Several days after her second interview, PNC hired Ms. Amir as a Financial Consultant and scheduled her to start at end of March 2016.

*Ms. Amir learned she was pregnant and informed her supervisor*

16. Between her hiring and her first day of work on March 21, 2016, Ms. Amir learned that she was pregnant.

17. On her first day of work, Ms. Amir informed her supervisor, Mr. Moya, that she was pregnant and had recently been hospitalized due to high blood sugar related to her pregnancy.

*Ms. Amir experienced pregnancy-related health problems*

18. As she began working at PNC, Ms. Amir continued to experience pregnancy-related health problems requiring that she take time off to attend doctor's appointments.

19. Mr. Moya expressed frustration when Ms. Amir asked for time off.

20. On one occasion, Mr. Moya downplayed the seriousness of her concern when she experienced bleeding at work.

21. In another instance, when Ms. Amir vomited at her workstation, Mr. Moya callously directed her to clean it up.

*Mr. Moya denied Ms. Amir pregnancy related accommodations*

22. In April 2016, Ms. Amir skipped an appointment with her OBGYN because she could not miss work.

23. At her next appointment, on May 13, 2016, Ms. Amir's doctor stressed that she needed to attend all her appointments and offered to provide Ms. Amir a note explaining her need to attend appointments to her employer.

24. Concerned about her health and the health of her unborn baby, Ms. Amir accepted the note and submitted it to Mr. Moya.

25. The note explained that Ms. Amir needed an accommodation to allow her to attend appointments with her OBGYN.

26. Mr. Moya initially tried not to accept the note, telling Ms. Amir that she needed to move her appointments to accommodate her work schedule, but Ms. Amir explained that her doctor was only available on Tuesdays and Thursdays.

27. Even though Ms. Amir provided Mr. Moya a note requesting leave to attend a May 30 doctor's appointment, Mr. Moya scheduled her to work that day and refused Ms. Amir's requests that he modify her schedule.

28. Mr. Moya stated that his reasoning for this was that her coworkers had scheduled time off for the Memorial Day weekend.

29. Mr. Moya's treatment of Ms. Amir contrasted with his positive treatment of Ms. Amir's male colleagues.

30. Mr. Moya overlooked Ms. Amir's male coworkers' mistakes, including a serious policy violation in which a customer's confidential information was left out overnight.

*Mr. Moya terminated Ms. Amir after she complained that he was treating her poorly because of her pregnancy*

31. A week later, Mr. Moya discussed upcoming manager reviews with Ms. Amir, asking her if she planned to rate him highly.

32. Ms. Amir responded that she believed he was treating her poorly because of her pregnancy.

33. Mr. Moya stated that he was sorry, but that he had thought she would be "energetic."

34. On June 3, 2016, the same day branch employees were to complete the manager survey, Mr. Moya terminated Ms. Amir's employment claiming that she had falsified her time sheets.

4

35. This allegation was untrue.

36. Ms. Amir called PNC human resources to ask if they had determined that she had falsified time sheets and the employee she spoke with said she was unaware of allegations that Ms. Amir falsified time sheets.

37. Ms. Amir asked that PNC human resources investigate.

38. Several weeks later, PNC human resources informed Ms. Amir that PNC had terminated Mr. Moya's employment.

39. However, PNC refused to reinstate Ms. Amir.

## DEMAND FOR JURY TRIAL

40. Plaintiff respectfully demands a jury trial on all Counts.

## COUNT 1

*Pregnancy discrimination in violation of Title VII*

41. Plaintiff repeats and realleges each allegation of the complaint, as if fully set forth herein.

42. Defendant subjected Plaintiff to adverse employment actions because of Plaintiff's sex and pregnancy in violation of Title VII.

43. Defendant failed to provide Plaintiff pregnancy-related accommodations.

44. Defendant acted intentionally, recklessly, and/or with malice.

45. As a result, Plaintiff has sustained damages including lost wages, mental anguish, emotional distress, and pain and suffering. Plaintiff's damages are continuing.

46. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and

emotional distress, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## COUNT 2

*Retaliation for opposing discrimination in violation of Title VII*

47. Plaintiff repeats and realleges each allegation of the complaint, as if fully set forth herein.

48. Defendant subjected Plaintiff to adverse employment actions because Plaintiff opposed her supervisor's pregnancy discrimination against her in violation of Title VII.

49. Defendant acted intentionally, recklessly, and/or with malice.

50. As a result, Plaintiff has sustained damages including lost wages, mental anguish, emotional distress, and pain and suffering.  Plaintiff's damages are continuing.

51. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant on all Counts, and award Plaintiff damages consisting of lost wages and benefits; compensatory damages for emotional distress, mental anguish, and pain and suffering; punitive damages; costs; attorney's fees; and any such other relief as the Court deems just and proper.

Respectfully submitted,

Alan Lescht & Associates, P.C.

By: */s/Jack Jarrett*
Jack Jarrett
(VSB# 86176)
1825 K St., NW, Ste. 750
Washington, DC 20006
T: 202.463.6036
F: 202.463.6067
jack.jarrett@leschtlaw.com
*Attorney for Plaintiff*